IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-685-LTB

**CHRISTOPHER L. COVALT**, Inmate No. 149483,

    Plaintiff,

v.

**INMATE SERVICES CORPORATION**;
**RANDY CAGLE**, Owner of Inmate Services Corporation;
**JOHN DOE**; a driver known as "Captain";
**JANE DOE**, a driver known as "Sarge";
**LARAMIE COUNTY SHERIFF'S OFFICE**;
**DANNY GLICK**, Sheriff of Laramie County;
**ROCKWALL COUNTY DISTRICT ATTORNEY'S OFFICE**; and
**ROCKWALL COUNTY DISTRICT ATTORNEY**,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

    Plaintiff, Shawn Cagle, has filed *pro se* a "Motion to Request Reconsideration of Judgement" (ECF No. 8) asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 6) and the Judgment (ECF No. 7) entered in this action on April 3, 2015.  In addition, he has filed a Motion for Leave to File an Amended Complaint (ECF No. 10). The Court must construe the motions liberally because Mr. Cagle is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the

judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).[1]

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.* Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Covalt has failed to demonstrate that the Court should reconsider and vacate the order dismissing this action.

Plaintiff cites to two similar unreported cases: *Lewis v. Extradition Transport of America*, Civil No. 13-138, 2014 WL 494573 (D. Mont. Feb. 5, 2014) and *Avery v. Extradition Transport of America*, Civil No. 11-153, 2013 WL 486658 (D. Mont. Feb. 7, 2013). While the facts of these cases are somewhat similar, they both are against the same defendant and both resulted from default judgments because the defendant failed to appear. Moreover, these cases from the District of Montana are not binding precedent for this District Court in Colorado. Moreover, in the other case cited by Plaintiff, *Schilling v. Transcor America, LLC*, Civil No. C 08–941 SI, 2012 WL 3257659 (N.D. Cal. 2012), the Court ultimately determined that, even in combination, the lack of sleep

---

[1] Plaintiff's motion for reconsideration is signed "May 27, 2015." Because he is a prisoner, the Court will construe the motion as filed within the 28-day period.

overnight and use of full restraints, did not constitute an unconstitutional deprivation.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Covalt fails to demonstrate any reason why the Court should reconsider and vacate the order dismissing this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

**ORDERED** that Plaintiff's Motion to Request Reconsideration of Judgement (ECF No. 8) is **DENIED**.   It is

**FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 10) is **DENIED.**

DATED at Denver, Colorado, this  19th  day of      June        , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court